**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

**AUTO-OWNERS INSURANCE COMPANY,**

      Plaintiff,

      v.                                 Case No. 7:12-cv-9 (HL)

**PAMELIA C. REDDING and THE NURSERY AT TY TY, LLC,**

      Defendants.

## ORDER

Before the Court is Plaintiff Auto-Owners Insurance Company's Motion for Summary Judgment (Doc. 18). For the reasons below, the Motion is granted.

## I.  FACTUAL BACKGROUND

Plaintiff filed the present action on January 11, 2012 (Doc. 1). In the complaint, Plaintiff seeks a declaratory judgment[1] that it owes no insurance coverage to Defendant The Nursery at Ty Ty, LLC ("Ty Ty Nursery") for claims

---

[1] This court is authorized to issue declaratory judgments under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, which provides in relevant part:

> In a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree …

28 U.S.C. § 2201(a).

asserted against Ty Ty Nursery in a separate lawsuit ("Underlying Lawsuit"). The Underlying Lawsuit, filed by Defendant Pamelia C. Redding, is presently pending in the Superior Court of Tift County, identified by Civil Action File Number 2011-CV-699. In that case, Redding seeks damages based on her claim that she was injured when she fell on the premises of Ty Ty Nursery. An analysis of Plaintiff's claim for declaratory judgment is below.

## II.   **BACKGROUND**

### a.  **Factual Background**

Ty Ty Nursery is owned and operated by Patrick Malcolm ("Malcolm"). (Plaintiff's Statement of Material Facts ("PSMF") [2] ¶ 1.) On or around October 6, 2009, Redding, a legally blind female, and Kathy Dales ("Dales"), Redding's assistant, were traveling from Albany, Georgia to Valdosta, Georgia. (PSMF ¶ 3.) Redding and Dales decided to stop at Ty Ty Nursery to ask about a palm sale that was advertised on the road outside of the nursery. (PSMF ¶ 4.)

In their depositions, Redding and Dales both testified that upon arriving at the nursery, Dales got out of the car to go into the offices at the nursery to ask for assistance. (Deposition of Pamelia Redding, Doc. 23, p. 13; Deposition of Kathy

---

[2] Local Rule 56 requires a respondent to a motion for summary judgment to attach a "separate and concise statement of material facts, numbered separately, to which the respondent contends there exists a genuine issue to be tried." The Rule further requires that a "[r]esponse shall be made to each of the movant's numbered material facts." Defendants in this case failed to submit a proper response to Plaintiff's Statement of Facts (Doc. 18-2), and as a result, "[a]ll material facts contained in the moving party's statement which are not specifically controverted by specific citation to the record shall be deemed to have been admitted, unless otherwise inappropriate." Local Rule 56.

Dales, Doc. 20, p. 10-11.) When Dales made her way back to the area where the car was parked, she found Redding brushing herself off and Redding informed Dales that she had fallen. (Redding 18; Dales 11-12.) The two women searched around the area where Redding alleged that she fell, and they found what they describe as a metal basket that they claim was on the ground, hidden by brush and leaves. Both women attribute Redding's fall to the basket. (Redding 20-21; Dales 15.)

Redding stated in her deposition that "a few minutes [after the fall], I just felt different, you know, real, weird." (Redding 19.)  She then decided to go into the office building at Ty Ty Nursery to ask for an accident report because she did not feel well. (Redding 21.) A man, who is not identified by Redding in the record, said he would "be right back." (Redding 23.) However, the man did not reappear. Dales made the decision to call 911 to report the fall to the police and have the incident documented. (Redding 24, Dales 17.)

When the police officer arrived, he interviewed Redding and Dales about the incident. (Dales 18.) The officer asked if Redding needed an ambulance, but she declined. (Redding 33; Dales 19-20; Malcolm 9.) Malcolm, who was in his car and preparing to leave for the day, saw that a police officer was at the nursery and he spoke to the officer about Redding's claim that she fell on the premises. (Malcolm 8-9.) Malcolm also spoke directly to Redding. Redding informed Malcolm that she had fallen on the property. (Malcolm 9; Redding 26.) The parties dispute what happened next. Redding alleges that Malcolm was

3

"very rude" (Redding 27); Malcolm alleges that Redding was "very hostile" (Malcolm 9). In his deposition, Malcolm states that he told Redding "Now, if you're here to set up a lawsuit, this is just a small company. Why don't you go to some company and slip and fall like Wal-Mart? They have plenty of lawyers, and they can handle something like that." (Malcolm 9.) Redding and Dales both claim that Malcolm called Redding a "gold digger," referencing her claim of injury and the possibility of a lawsuit. (Redding 27; Dales 22.) After their conversation, Malcolm drove away and Redding and Dales also left the nursery. Redding, Dales, and Malcolm have had no further interaction since October 6, 2009.

The day after this incident, Malcolm discussed Redding's alleged fall with Ryan Phillips ("Phillips"), the manager at Ty Ty Nursery. (Malcolm 11-12; Deposition of Ryan Phillips, Doc. 22, p. 10.) Phillips stated in his deposition that he never saw Redding or Dales on October 6, 2009. (Phillips 7.) He stated that he did see the police officer on the property, but did not know the reason that the officer was there. (Phillips 9-10.) Phillips stated that Malcolm asked him to go pick up the accident report from the sheriff's office, which became available a few days after the incident. (Phillips 11.) No further action was taken by Phillips or Malcolm in connection with Redding's alleged fall.

On August 18, 2011, Malcolm received a letter from Redding's attorney inquiring about Ty Ty Nursery's insurance coverage. (Malcolm 18-19.) Malcolm stated in his deposition that he read the letter and then threw it away. (Malcolm 18-19.)

4

In early October 2011, Malcolm was personally served with a copy of the complaint filed by Redding in the Underlying Lawsuit. (Malcolm 19.) Plaintiff received its first notice of the Underlying Lawsuit on October 11, 2011, and Plaintiff states that this was the first notice it had of Redding's fall at Ty Ty Nursery. (PSMF ¶ 23.)

b. **The Policy**

Plaintiff issued a commercial general liability insurance policy to Ty Ty Nursery, policy number 024618-48225825, effective May 21, 2009 to May 21, 2010 ("the Policy"). (PSMF ¶ 24.) The Policy provides that "[Auto-Owners Insurance Company] will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies …" (PSMF ¶ 28.) The Policy contains the following conditions:

2. Duties In the Event of Occurrence, Offense, Claim or Suit

a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

(1) How, when and where the "occurrence" or offense took place;

(2) The names and addresses of any injured persons or witnesses; and

(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

b. If any claim is made or "suit" is brought against any insured, you must:

> (1) Immediately record the specifics of any claim or "suit" and the date received; and
>
> (2) Notify us as soon as practicable.
>
> You must see to it that we receive written notice of any claim or "suit" as soon as practicable.

c. You and any other involved insured must:

> (1) Immediately send us copies of any correspondence, demands, notices, summonses, or papers in connection with any claim or "suit";
>
> (2) Authorize us to obtain records and information;
>
> (3) Cooperate with us in the investigation or settlement of any claim or defense of any "suit"; and
>
> (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

Paragraphs a. and b. of this condition will not serve to deny any claim for failure to provide us with notice as soon as practicable after an "occurrence" or an offense which may result in a claim:

> a. If the notice of a new claim is given to your "employee"; and
>
> b. That "employee" fails to provide us with notice as soon as practicable.

6

This exception shall not apply:

> a. To you; or
>
> b. To any officer, director, partner, risk manager or insurance manager of yours.

(PSMF ¶ 29; *see also* Plaintiff's Complaint, Doc. 1-8, p. 4.) The Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (PSMF ¶ 30; *see also* Doc. 1-8, p. 9.)

III.   **DISCUSSION**

The parties seem to agree that the ultimate issue before the Court is whether the notice provision in the insurance policy between Plaintiff and Malcolm was breached by the alleged failure of Ty Ty Nursery to properly inform Plaintiff of Redding's fall. The Court finds this provision was breached, and consequently, Plaintiff has no duty to defend or indemnify Ty Ty Nursery in the Underlying Lawsuit.

Plaintiff argues, and this Court agrees, that the notice provision of the Policy constitutes a condition precedent to coverage. The Policy sets forth that "No Person or organization has a right under this Coverage Part: (a) To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or (b) To sue us on this Coverage Part unless all of its terms have been fully complied with." (Doc. 1-8, p. 4.) Based on this language, an insured must comply

with all terms of the Policy to benefit from complete coverage. In this case, Ty Ty Nursery failed to comply with the notice provision.

The notice provision in the Policy required that Ty Ty Nursery notify Plaintiff "as soon as practicable" if an occurrence took place at Ty Ty Nursery. Notice included informing Plaintiff of how, when, and where the occurrence took place, the names and addresses of witnesses, and the nature and location of any claimed injury or damage. If a suit was filed, the Policy stated that Ty Ty Nursery had the obligation to record the specifics of the suit and notify Plaintiff "as soon as practicable." Ty Ty Nursery failed to comply with these terms of the Policy.

Ty Ty Nursery's primary argument against Plaintiff's motion is that the issue of whether Ty Ty Nursery informed Plaintiff of the occurrence "as soon as practicable" is a question for the jury that is subject to factual determination. However, the Court finds that it is not necessary for a jury to determine the meaning of "as soon as practicable" in this case. Georgia courts have held that where a significant delay in notice has occurred, the delay may be deemed unreasonable as a matter of law. Townsend v. Nat'l Union Fire Ins. Co., 196 Ga. App. 789, 397 S.E.2d 61, 62 (Ga. App. 1990) (stating that "[w]hether or not the condition has been met is not always a jury question because an unexcused significant delay may be unreasonable as a matter of law").

In Townsend, the insured failed to notify the insurer for seventy months, which was deemed to be unreasonable as a matter of law. However, a delay in notification does not have to be seventy months to be deemed outside of the

8

realm of "as soon as practicable". Courts have found a forty-three-month delay, Bates v. Holyoke Mut. Ins. Co., 253 Ga. 697, 324 S.E.2d 474 (1985), a seventeen-month-delay, Protective Ins. Co. v. Johnson, 256 Ga. 713, 352 S.E.2d 760 (1987), and a fifty-two-month delay, Intl. Indem. Co. v. Smith, 178 Ga. App. 4, 342 S.E.2d 4 (1986), to be unreasonable as a matter of law. In this case, there was a twenty-four month delay between October 6, 2009, the date of the initial incident at the nursery, and October 11, 2009, when Plaintiff was made aware of the incident. This is unreasonable as a matter of law.

Ty Ty Nursery also argues that Malcolm did not believe that the incident on October 6 was severe enough to warrant informing the insurance company, and thus, his failure to notify is justified. This argument is meritless. Ty Ty Nursery cites Southern Guaranty Ins. Co. v. Miller et al., 183 Ga. App. 261, 358 S.E.2d 611 (1987), for support. In that case, the Georgia Court of Appeals upheld a trial court's decision that the insured was not responsible for informing an insurer of an incident when "the ordinarily prudent person acting reasonably would consider the incident as so trivial and so inconsequential as not to afford the basis of a claim or give rise to a claim." Id. at 263, 358 S.E.2d at 612. Ty Ty Nursery claims that Redding's fall was insignificant and Malcolm did not have the obligation to inform Plaintiff of the occurrence. The Court disagrees. The claim at the heart of Southern Guaranty stemmed from a car collision that resulted in no injuries and no physical damage to either car involved in the accident. Id. at 262, 358 S.E.2d at 611. To the contrary, in the present case, Redding made it clear to Malcolm

9

that she fell on the premises and wanted the fall documented with an accident report. Malcolm's accusation that Redding was a "gold digger" and that she should "go to some company and slip and fall like Wal-Mart" (Malcolm 9) further demonstrates that Malcolm was aware that Redding was alleging an injury and should have alerted him to the possibility of a lawsuit.

Even if Malcolm was somehow unaware on October 6 that there was a possibility that Redding would bring a legal action, he certainly became aware of her intent to pursue litigation when he received a letter from Redding's attorney inquiring about insurance coverage at Ty Ty Nursery. However, Malcolm threw the letter away instead of reporting it to Plaintiff.

In sum, Redding made clear to Malcolm on the day of the incident that she fell, and Malcolm, based on his own statements, contemplated that she might file a lawsuit and encouraged her to "go fall [somewhere] like Wal-Mart." On October 6, 2009, Malcolm was under an obligation to report the incident to Plaintiff so that Plaintiff would have the opportunity to interview witnesses, investigate the scene of the alleged accident, and begin to prepare a defense against Redding's claims. Malcolm failed to inform Plaintiff of Redding's fall, even when he received a letter from Redding's attorney about insurance coverage in light of possible litigation. Malcolm's failure to comply with the notice provisions of the Policy means that he failed to fulfill a condition precedent in the contract, and as a result, Plaintiff does not owe any duty to defend or indemnify Ty Ty Nursery in the Underlying Lawsuit.

IV.   **CONCLUSION**

For the reasons stated above, Plaintiff's Motion for Summary Judgment is granted. Plaintiff owes no duty to defend or indemnify in the Underlying Lawsuit based on the terms of the Policy.

**SO ORDERED**, this 23rd day of July, 2013.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebrs

11